## Appeal of MELROSE GRANITE CO.

Docket No. 1594.  Submitted May 18, 1925.  Decided June 23, 1925.

Upon the evidence submitted, additional salaries disallowed.

*J. R. Little, Esq.*, for the taxpayer.
*Arthur H. Fast, Esq.*, for the Commissioner.

Before STERNHAGEN, LANSDON, GREEN, and LOVE.

This appeal is from a determination by the Commissioner of additional income and profits tax for the calender year 1918 in the amount of $972.89.  The alleged deficiency results from the disallowance of salaries as proper deductions from gross income.  From depositions of the officers of the taxpayer and the admitted allegations of the petition, the Board makes the following

### FINDINGS OF FACT.

1. The taxpayer is a Minnesota corporation with its principal place of business at St. Cloud, Minn.  It is engaged in the business of quarrying, cutting, and marketing granite, principally for monumental use.

2. During the year 1918, the authorized capital stock of the taxpayer was $150,000, divided into 1,500 shares of the par value of $100 each.  For the same period, the issued capital stock amounted to $99,500 par value, and was held in the amounts herein indicated:

|  | Shares |
|---|---|
| William J. Bohmer, president | 300 |
| John Luckemeyer, vice president | 300 |
| Henry C. Kalkman, secretary and treasurer | 15 |
| Mrs. Anton Luckemeyer | 295 |
| Joseph Bauer | 10 |
| C. V. Spezia | 30 |
| Mike Schomer | 10 |
| Joseph Lauer | 10 |
| Henry Gummerum | 5 |
| James Reed | 10 |
| William Wagner | 10 |

3. William J. Bohmer, John Luckemeyer, and Henry C. Kalkman constituted the board of directors of the taxpayer during the year in question.  Bohmer was president and general manager in charge of office work, collections, and finance; Luckemeyer was vice president in charge of quarry and workshop operations; Henry C. Kalkman was sales manager and, in addition to supervising the employed traveling salesmen, spent much of his time on the road selling the products of the taxpayer.  Each of the executive officers devoted his

entire time to the business of the taxpayer, and, from January 1, 1918, until sometime in June of that year, was paid salary in full compensation for services rendered at the rate of $3,000 per annum. The directors held no stated meetings, but conferred informally whenever two or more could meet.

4. At the beginning of the year 1918 each of the three executive officers of the taxpayer was in receipt of salary at the rate of $3,000 per annum. These salaries had been fixed sometime prior to the year in question.

5. Sometime in June, 1918, Luckemeyer and Kalkman had a conversation in which Kalkman expressed dissatisfaction as to the amount of compensation he was receiving from the taxpayer at that time. In the course of that conversation Kalkman said that he had been offered more money by other granite concerns and that he could go on the road as an independent salesman on a straight commission basis and earn an income of at least $10,000 per annum. The result of the conversation between Luckemeyer and Kalkman was an understanding that Luckemeyer would take up the matter of additional compensation with Bohmer for the purpose of having the salaries of each of the executive officers increased to $6,000 for the year 1918. Kalkman, on his part, agreed to continue his work for the taxpayer if assured of a salary of $6,000 per annum for the whole of the year 1918. Subsequently, in 1918, Luckemeyer had a conversation with Bohmer, in which it was agreed that each of the executive officers should receive $6,000 compensation for services to the taxpayer for the year 1918. The matter of increased salaries was never considered or determined when all three of the directors were present at a meeting of record. None of the officers received any of the increased compensation during the year 1918, nor any credit on the books of the taxpayer representing any part of such increase prior to January 1, 1919.

6. At a formal meeting of the directors of the taxpayer held on February 17, 1919, the following is of record as a part of the minutes of the board of directors:

On motion duly made, seconded and carried, the annual salaries of the officers of the company for the year 1918 were fixed as follows: Wm. J. Bohmer, $6,000.00, John Luckemeyer, $6,000.00, H. Kalkman, $6,000.00, and that the unpaid balances thereof be paid to said officers respectively.

On motion duly made, seconded and carried, the annual salaries of Wm. J. Bohmer, John Luckemeyer, H. Kalkman as President, Vice President and Secretary-Treasurer of the company were fixed at the sum of $6,000.00 each.

At an adjourned regular meeting of the stockholders of the taxpayer at which a majority of the issued capital stock was represented, held on January 6, 1920, on motion duly made, seconded, and

carried, the following resolution was adopted and incorporated in the minutes:

*Resolved,* That as to all the official acts of the Board of Directors and executive officers of this corporation had and taken during the year 1919, and that we hereby approve and confirm the same in all respects.

7. In its income and profits-tax return for 1918, the taxpayer deducted $18,000 from its gross income as salaries paid or incurred as ordinary and necessary expenses during the year. Upon audit of such return, the Commissioner disallowed the amount of $9,000, representing the additional salaries informally fixed by conversations among the directors during the year and formally approved at a meeting of the board of directors held on February 17, 1919; determined additional tax liability in the amount of $972.89; and so notified the taxpayer in a deficiency letter mailed on November 22, 1924.

DECISION.

The determination of the Commissioner is approved.